**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| **TERRINA LAKE,** | ) |
| | ) |
| **Plaintiff,** | ) Case No. 4:20-cv-285 |
| | ) |
| vs. | ) (Iowa Polk County No. LACL148376) |
| | ) |
| **SCHULTE HOSPITALITY GROUP, INC. (incorrectly named as SCHULTE HOSPITALITY GROUP) and HYATT PLACE DES MOINES,** | ) |
| | ) **DEFENDANT SCHULTE HOSPITALITY** |
| | ) **GROUP, INC.'S NOTICE OF REMOVAL** |
| | ) |
| | ) |
| **Defendants.** | ) |

Pursuant to 28 U.S.C. §§ 1332, and 1441, Defendant Schulte Hospitality Group, Inc. (incorrectly named as Schulte Hospitality Group in the Petition), by and through undersigned counsel, and with full reservation of all rights and defenses, hereby removes this action from the Iowa District Court in and for Polk County to this Court on the basis set forth below.

**I.      INTRODUCTION**

1.      Plaintiff Terrina Lake filed her Petition in the Iowa District Court for Polk County, Iowa, asserting claims for race discrimination under the Iowa Civil Rights Act.

2.      Plaintiff alleges that she is a resident of the State of Iowa and that she was employed by Hyatt Place Des Moines. Plaintiff does not allege the citizenship of Hyatt Place Des Moines.

3.      Plaintiff alleges that Schulte Hospitality Group is a Kentucky company with its principal place of business in Louisville, Kentucky, and that it is the parent company of Defendant Hyatt Place Des Moines. The correct legal entity is Schulte Hospitality Group, Inc., which is an Illinois Corporation, with its principal place of business located in Louisville,

Kentucky.

4. Hyatt Place Des Moines has not been served and was fraudulently joined in this matter, and therefore its citizenship must be ignored for purposes of removal based upon diversity of citizenship. Based on the allegations in Plaintiff's Petition, there is no reasonable basis for predicting that Iowa law would be able to impose liability on Defendant Hyatt Place Des Moines, as they are not a legal entity existing in the State of Iowa and are not Plaintiff's employer.[1]

5. As such, for those reasons and the reasons set forth below, this action is properly removable to this Court.

## II.     PROCEDURAL BACKGROUND

6. Plaintiff filed her Petition at Law and Jury Demand in the Iowa District Court in and for Polk County on July 28, 2020.  The Removed Petition is attached as Exhibit A.

7. This Court has diversity jurisdiction over this case under 28 U.S.C. §1332,

8. This case is properly removed to this Court under 28 U.S.C. §1441 because (1) Defendant has satisfied the procedural requirements for removal, and (2) the Court has subject matter jurisdiction over the action under 28 U.S.C. §1332 and 1441.

## III.    DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

9. The Plaintiff served Defendant Schulte Hospitality Group with the Removed Petition on August 13, 2020, by serving CSC, within 30 days of Schulte Hospitality Group bringing this Notice of Removal.  *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through

---

[1] Hyatt Place Des Moines is a fictitious name for the hotel property where Plaintiff worked. Regardless of its legal status, this entity is not her employer, as Defendant Schulte Hospitality Group, Inc. is the employer and is a party to this action. (See attached paychecks and other employment records evidencing employment, attached as Ex. B.)

2

service or otherwise, of a copy of the initial pleading . . .").

10. Venue for removal is proper in this District and Division under 28 U.S.C. § 95(b) because this District and Division embrace Polk County, Iowa, the forum in which the removed action was pending. *See* 28 U.S.C. § 1441(a).

11. As required by 28 U.S.C. § 1446(a) and Local Rule 81, Schulte Hospitality Group, Inc. is attaching copies of all process, pleadings and orders filed and served upon them in the state court action. As also required by 28 U.S.C. § 1446(d), Schulte Hospitality Group, Inc. is serving a copy of this Notice of Removal on Plaintiff and filing a copy in the Iowa District Court for Polk County.

IV. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441.**

12. The United States Supreme Court recently set forth the pleading standard applicable to a notice of removal:

> [A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." §1446(a). By design, §1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure. *See* 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure §3733, pp. 639-641 (4th ed. 2009) ("Section 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement' - terms borrowed from the pleading requirement set forth in Federal Rule of Civil Procedure 8(a)."). The legislative history of §1446(a) is corroborative. Congress, by borrowing the familiar "short and plain statement" standard from Rule 8(a), intended to "simplify the 'pleading' requirements for removal" and to clarify that courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." H. R. Rep. No. 100-889, p. 71 (1988). *See also ibid.* (disapproving decisions requiring "detailed pleading").

*Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. __, 135 S. Ct. 547, 553 (2014).

13. Removal of this action is proper under 28 U.S.C. §§1332 and 1441(b) because (1) the Plaintiff is diverse from the properly named Defendant, and (2) the amount in controversy exceeds $75,000, exclusive of costs and interest.

14. The Court has supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

## V. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS CASE.

### 1. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

15. The Removed Petition was brought by one Plaintiff: Terrina Lake (Ex. A, Removed Petition ¶ 3.) Lake claims that she is a resident of Iowa. (Removed Petition ¶ 3.) )

16. At the time this civil action was commenced, and at all times since, Schulte Hospitality Group, Inc. was, and is, a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Kentucky. (*See* Removed Petition ¶ 5.) Therefore, for diversity purposes, Schulte Hospitality Group is a citizen of the State of Illinois and Kentucky, but not Iowa. 28 U.S.C. § 1332(c)(1).

17. At the time this civil action was commenced, and at all times since, Hyatt Place Des Moines has not been a legal entity. Therefore, its citizenship must be disregarded for purposes of removal based on diversity of citizenship. 28 U.S.C. § 1332(c)(1), §1441(b)(1). *Mastro v. Seminole Tribe of Fla.*, 578 F. App'x 801, 803 (11th Cir. 2014)(a d/b/a "is not a separate legal entity, but instead merely a fictitious name with no independent existence"); *Donald Perry, Plaintiff, v. Bos. Sci. Family; Bos. Sci. Corporation; Stein, M.D., Chief Med.*

4

*Officer; Bos. Sci. Cardiac Rhythm Management; & Future & Past John Doe & Jane Doe, Defendants.*, No. CV 16-137 (PJS/HB), 2016 WL 3976354, at *3 (D. Minn. June 27, 2016), *report and recommendation adopted sub nom. Perry v. Bos. Sci. Family*, Case No. 16-CV-0137 (PJS/HB), 2016 WL 3976608 (D. Minn. July 22, 2016) (a fictitious name used by a corporation cannot be considered for diversity purposes); *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (the citizenship of a fraudulently joined party must be ignored for purposes of removal based on diversity).

18. Where the Plaintiff is a citizen of Iowa and Defendant is a citizen of Kentucky and Illinois, complete diversity of citizenship exists between Plaintiff and Defendant. As the amount-in-controversy requirement for federal diversity jurisdiction is also satisfied (*see* Section 2, below), this case is removable on diversity grounds. *See* 28 U.S.C. §1332.

### 2. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

19. The amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.[2] "The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *Feller v. Hartford Life & Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1102 (S.D. Iowa 2010) (discussing *Kopp,* preponderance of evidence standard applies for defendant to establish "that plaintiff will recover at least $75,000 if successful.").

20. Plaintiff claims that her discrimination and termination from employment entitle her to compensatory damages, appropriate lost earnings and benefits with interest, and reasonable attorney fees and costs. (*See* Removed Petition, VII.) Defendant has a good faith

---

[2] In Iowa, except in small claims actions or cases involving only liquidated damages, "a pleading shall not state the specific amount of money damages sought." Iowa Rule Civ. P. 1.403(1).

5

basis to believe and aver that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. This case is removable on diversity grounds. *See* 28 U.S.C. §1332.

WHEREFORE, Defendant Schulte Hospitality Group, Inc. gives notice that the matter bearing civil action No. LACL148376 in the District Court for Polk County, Iowa is removed to the United States District Court for the Southern District of Iowa, Central Division, and requests that this Court retain jurisdiction over this matter.

    /s/  Theresa C. Davis
THERESA C. DAVIS  #AT0001920
    for
SHUTTLEWORTH & INGERSOLL, P.L.C.
327 2nd St., Suite 300
Coralville, IA 52241
Telephone:  319-365-9461
Facsimile:  319-365-8443
tcd@shuttleworthlaw.com

ATTORNEYS FOR DEFENDANT

Copy to:

Matthew M Sahag
301E. Walnut St., Suite 1
Des Moines, IA  50309